UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DURAN                          CIVIL ACTION NO. 12-1918

VERSUS                         U.S. DISTRICT JUDGE DRELL

WARDEN,
     et al                     U.S. MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion by plaintiff for lifetime medical care which I interpret as a request for a temporary restraining order and preliminary injunction [**Doc. # 3**]. Plaintiff seeks to have 27 days goodtime reinstated as well as his prisoner classification after having been found not guilty of the institutional violation.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed

on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not dis-serve the public interest.  <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981).

In the instant case, plaintiff has filed an affidavit attesting to the facts but has otherwise failed to meet the requirements set forth above.  Specifically, plaintiff has not alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him. Plaintiff's complaints can be addressed in connection with the main demand. Plaintiff's motions for preliminary injunction protective order should be denied.

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's request for  preliminary injunction [**Doc. #3**] be DENIED.

**<u>OBJECTIONS</u>**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or

response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 30th day of July, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE