RECEIVED
JAN 3 1 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **PABLO DURAN, JR.** | **DOCKET NO. 12-CV-1918; SEC. P** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **OFFICER GILBREATH, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

### REPORT AND RECOMMENDATION

Pablo Duran, Jr., filed a civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1], seeking damages for the violation of his constitutional right to due process with regard to a prison disciplinary conviction that has since been overturned. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the Federal Correctional Institution in Pollock, Louisiana (FCI-Pollock).

The petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing order of the Court.

### *Factual Allegations and Procedural History*

Plaintiff previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [1:12-cv-476] seeking the reversal and expungement of a disciplinary conviction, as well as the restoration of good time credits and recalculation of his

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

custody classification level. This <u>Bivens</u> suit seeks damages related to the disciplinary conviction.

Plaintiff alleges that he was denied due process at two disciplinary rehearings because he was not given advance notice and afforded an opportunity to call witnesses or request a staff representative. He also complains that the Disciplinary Hearing Officer (DHO) refused to interview his witness without giving a valid reason. Finally, Plaintiff alleges that the evidence did not support the charge of fighting. On June 4, 2012, the DHO found that "[s]everal appeals, procedural errors and an incomplete final investigation resorted [sic] in an inability to hold Inmate Duran responsible for the code charged. This matter is expunged from the record." [Doc. #14-2, p.26] Because Plaintiff's good time had been restored, and his custody rating changed from medium to low, the District Judge determined that Duran's habeas claim was moot. The case was dismissed. [See 1:12-cv-476; Doc. #21]

Plaintiff now seeks monetary damages related to the expunged conviction. Specifically, he seeks punitive damages for the denial of due process at disciplinary hearings, compensation for fourteen days of disciplinary segregation to which he was subjected, and reimbursement for "legal research costs, copies, postage, and stationary supplies incurred throughout the appeals process." [Doc. #14, p.4] He also seeks "an undetermined amount of punitive damages for the days that he was incarcerated in a much more

2

restrictive environment as well as for the negligent delays to the disciplinary proceedings...." [Doc. #14, p.4] Finally, Plaintiff seeks reimbursement for the cost of this proceeding. [Id.]

## Law and Analysis

Plaintiff claims that his right to due process was violated by an improper disciplinary conviction that resulted in a change in his custody/security classification, a loss of good time, and fourteen days of segregation. Although Plaintiff was sentenced to a loss of good time credits and a change in his security classification, his good time and security classification was restored.[2]

First, Plaintiff's good time credits were restored in full, and the length of his overall sentence of incarceration was not extended. Petitioner suffered no loss or injury as a result of the temporary loss of good time credits.

Plaintiff's custody classification was restored to "low"; therefore, he has suffered no injury or harm as a result of the temporary re-classification. Even if he had, a prisoner does not have a protected liberty interest in his custody classification. See Kossie v. Crain, 354 Fed.Appx. 82 (5th Cir. 2009); Harper v. Showers, 174 F.3d 716 (5th Cir. 1999). A change in custody status does not implicate a liberty interest protected by the Due Process

---

[2]See 1:12-cv-476; Report and Recommendation; adopted by Doc. #21.

Clause because it does not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472, 486 (1995); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Additionally, although he was transferred to a medium security facility, a prisoner has no constitutionally protected liberty interest in being imprisoned in a particular location or institution. See Barber v. Quarterman, 437 Fed.Appx. 302 (5th Cir. 2011), citing, Meachum v. Fano, 427 U.S. 215, 225 (1976).

Next, Plaintiff's fourteen days in segregation for the overturned disciplinary conviction do not help to state a claim under Bivens. Although the constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), conditions of confinement "must not involve the wanton and unnecessary infliction of pain." Id. at 347. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care...." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff's complaint that he spent fourteen days in segregation does not allege an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483.

In sum, Plaintiff's vacated and expunged disciplinary

conviction, and reinstatement of good time credits, did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the due process clause of the Fourteenth Amendment. See Sandin v. Conner, 515 U.S. 472 (1995); see also Theard v. Cain, No. 05-30420 (5th Cir. June 21, 2006)(unpublished)("[Plaintiff] cannot show a due process violation in connection with the disciplinary proceedings because his good-time credits have been restored [.]")

Finally, to the extent that Plaintiff claims that the defendants were supervisors who failed to remedy the errors and constitutional violations of their subordinates, no constitutional claim is presented. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

The Fifth Circuit has held that nominal and punitive damages may be awarded to a civil rights plaintiff when there has been a constitutional violation, but only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. See Williams v. Kaufman Cnty., 352 F.3d 994, 1014, 1015 (5th Cir. 2003)(citations omitted). In this case, there was no constitutional violation. Plaintiff received all of the process he was due.

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and

5

failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 31st day of January, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE